Thomas J. Romans, Esq.
Counselor at Law (TR9284)
Landmark Building
27 Warren Street - Suite #103
Hackensack, NJ 07601-5412
Telephone No.: (201) 489-0027
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS)**

| | |
|---|---|
| JEFFREY A. FELDMAN AND PRIMARY SUCCESSION CAPITAL, LLC<br><br>PLAINTIFFS<br><br>VS.<br><br>CONCORD EQUITY PARTNERS, LLC, POUYA TOOBIAN; SCOTT SCHULTE; JOHN MALINDRETOS<br><br>DEFENDANTS | CIVIL ACTION NO.:<br><br>**08 CIV. 4409**<br>**BRIEANT**<br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATIONS OF FEDERAL
SECURITIES LAW AND COMMON LAW**

Plaintiffs Jeffrey A. Feldman and Primary Succession Capital, LLC, for their

Complaint, allege the following:

## NATURE OF THE ACTION

1. (a) This action arises out of the solicitation, sale and distribution of membership interests or "units" in Concord Equity Partners, LLC ("Concord" or the "Company"), securities which were not registered with the Securities and Exchange Commission ("SEC"), a violation of Section 12(a)(1) of the Securities Act of 1933.

(b) In addition, this action seeks compensation for the failure of defendant Concord to honor the express and implied terms of the agreements it entered into with the plaintiff Jeffrey A. Feldman pertaining to his personal services rendered to Concord.

## JURISDICTION AND VENUE

2. Jurisdiction exists pursuant to §22(a) of the Securities Act of 1933 (the "Securities Act" or "1933 Act"), 15 U.S.C. §77v(a). The claims asserted arise under §12(a)(1) of the 1933 Act, 15 U.S.C. §77l(a)(1), §15 of the 1933 Act, 15 U.S.C. §77(o), and under principles of common-law breach of contract. These common-law claims come under the Court's pendant jurisdiction.

3. Venue is proper in this District pursuant to §22 of the 1933 Act (15 U.S.C. §77v(a)). Plaintiff Jeffrey A. Feldman resides in this District and Plaintiff Primary Succession Capital, LLC maintains its office in this District. Many of the transactions, acts, practices and courses of business alleged herein took place in the

Southern District of New York, including, but not limited to, soliciting individuals to purchase securities of Concord and depositing the proceeds from sales of Concord interests.

4. In connection with the wrongful conduct alleged herein, defendants used the instrumentalities of interstate commerce, the U.S. mails and interstate telephone communications.

## THE PARTIES

5. Plaintiff Jeffrey A. Feldman resides in Rye, New York and during or about August, 2007 was solicited by defendants to invest in Concord.

6. Plaintiff Primary Succession Capital, LLC ("PSC") is a limited liability company formed under the laws of the State of New York and is wholly owed by Plaintiff Jeffrey A. Feldman. PSC maintains its offices and its principal place of business in Rye, New York.

7. Defendant Concord Equity Partners, LLC ("Concord") is a limited liability company formed under the laws of the State of New York and maintains its offices in the Empire State Building, 350 Fifth Avenue, New York, New York. Concord is engaged in the securities business as a broker dealer.

8. Defendant Pouya Toobian resides in Roslyn Heights, New York and founded Concord, formerly known as Alpha Securities, LLC. At all relevant times Pouya Toobian owned a substantial and controlling interest in Concord.

9. Defendant Scott Schulte, residing in New York, New York, is a registered representative and maintains his place of businesses at the offices of Concord. At all relevant times Scott Schulte owned or held a substantial and controlling interest in Concord.

10. Defendant John Malindretos resides in Clifton, New Jersey and is a registered representative. John Malindretos maintains an office and place of business at the offices of Concord and at all relevant times owned or held a substantial and controlling interest in Concord.

11. The Defendants John Malindretos, Scott Schulte and Pouya Toobian are sometimes hereinafter collectively referred to as the "Individual Defendants" and, together with Concord, are collectively referred to as the "Defendants." The Individual Defendants were responsible for the formation and organization of Concord and, together with Concord, actively participated in the unlawful conduct complained of in this action by offering and selling the unregistered interests in Concord to Plaintiffs, and causing Concord to breach its agreements with Plaintiff Jeffrey A. Feldman.

## OPERATIVE FACTS

12. Defendant Pouya Toobian, acting in concert with Defendants Scott Schulte and John Malindretos, formed a New York Limited Liability Company

4

named Alpha Securities, LLC for the purpose of creating a securities broker-dealer firm.

13. That following the formation of Alpha Securities, its name was changed to Concord Equity Partners, LLC and the Individual Defendants commenced to raise the working capital necessary to place Concord in business by offering ownership interests therein to various members of the public, including the Plaintiff Jeffrey A. Feldman.

14. That upon information and belief Defendants Scott Schulte and John Malindretos, both being registered representatives and possessing clients for whom they handled securities transactions, offered and sold said interests in Concord to various of their respective clientele utilizing the means of interstate commerce and the mails.

15. That upon information and belief Defendant Pouya Toobian solicited various of his business and social contacts utilizing the means of interstate commerce and the mails for their purchase of interests in Concord.

16. That at all such times the Individual Defendants offered interests in Concord for sale, they were in control of the ownership interests in Concord and its operations.

17. That during on about March, 2007 the Defendant Scott Schulte contacted Plaintiff Jeffrey A. Feldman about his joining a broker-dealer firm that he was organizing with the other Individual Defendants.

18. Thereafter, Defendant Scott Schulte introduced Plaintiff Feldman to the other Individual Defendants and a series of discussions ensued thereafter among these parties concerning Concord's engagement of Mr. Feldman as its operations manager and his investment in Concord.

19. That during or about July, 2007 the Individual Defendants offered Plaintiff the opportunity to purchase Units of Concord.

20. During or about August, 2007 the Defendants offered Plaintiff Jeffrey A. Feldman the position of President of Concord, to commence as of September 1, 2007.

21. On September 17, 2007 Concord entered into a Management Service Agreement with Plaintiff Jeffrey A. Feldman, providing for his employment as President of Concord commencing as of September 1, 2007, at an annual salary of $75,000.

22. That in addition to an annual salary, Plaintiff Feldman was offered membership interests in Concord totaling 15% over and above any other Units he might purchase pursuant to the offer of Units theretofore made to him by the Individual Defendants.

23. Plaintiff Feldman commenced working for Concord as its President effective September 1, 2007.

24. Pursuant to the aforesaid offer made to him by the Individual Defendants, Jeffrey A. Feldman's company Primary Succession Capital, LLC purchased a 2.5% interest in Concord by issuing on September 27, 2007 a $50,000 check payable to Concord and issuing a $50,000 check payable to Concord on December 26, 2007.

25. Thereafter, on January 10, 2008, Concord offered to all investors in the Units of Concord, including Plaintiff Primary Succession Capital, LLC, the right of rescission and offered to refund to it the $100,000 it had paid to Concord for Units of that entity.

26. On February 3, 2008 Plaintiff Jeffrey A. Feldman notified Concord of his termination of the Management Services Agreement by reason of the Individual Defendants voting their controlling interests in Concord to materially modify Mr. Feldman's terms of employment without his consent or permission and in breach of Concord's Operating Agreement and its Management Services Agreement with Mr. Feldman.

27. On February 3, 2008 Plaintiff Feldman notified Concord in the person of Defendant Scott Schulte that salary, termination pay, and additional membership interests in Concord were owed to him as a result of his employment by Concord

during the period of September 1, 2007 to February 3, 2008 pursuant to the September 17, 2007 Management Services Agreement.

28.  On February 15, 2008 Plaintiff Primary Succession Capital, LLC accepted Concord's Offer of Rescission and Plaintiff Feldman demanded rescission with respect to the additional membership interests in Concord earned by him pursuant to his Management Services Agreement.

29.  The Defendants have neither refunded the $100,000 paid by Primary Succession Capital, LLC nor responded to Plaintiff Feldman's demands for payment of wages, termination benefits, and the value of interests in Concord due to him pursuant to his Management Services Agreement.

## COUNT I

### *Violation of Section 12 (a)(1) of the Securities Act of 1933*

30.  Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs with the same force and/or effect as if fully set forth herein.

31.  This Count is brought pursuant to Section 12(a) (1) of the 1933 Act against the Defendants with respect to the unlawful sale of unregistered securities (interests or Units) of Concord to the Plaintiffs.

32.  The Units of Concord, as described herein, which were offered and sold to Plaintiffs, are "securities" under the 1933 Act. These securities were

offered for sale and/or sold by or on behalf of the Defendants for cash or in exchange for services performed for Defendant Concord.

33. The Defendants solicited the sale of the Units sold to Plaintiffs for the financial gain and benefit of the Defendants.

34. The Defendants each participated in the aforesaid solicitation and sale of unregistered securities to Plaintiffs and their participation was motivated by their own financial interests.

35. The Units of Concord do not constitute a class of securities exempt from registration pursuant to any of the provisions of the 1933 Act, nor were these securities offered and sold in a transaction exempt under the provisions of the 1933 Act. In connection with such transactions, Defendants failed to deliver a prospectus consistent with the requirements of Section 5 of the 1933 Act.

36. The Defendants utilized the means of interstate commerce and the mails to offer, sell, and deliver the securities without any registration statement being in effect and without the use of a prospectus meeting the requirements of the securities laws. Defendants thereby violated Section 12 (a) (1) of the Securities Act of 1933, 15 U.S.C. §771(a)(1).

37. Accordingly, Plaintiffs have the right to rescind their purchases of the Units and, hereby, elect to rescind and tender their Units to the Defendants for the consideration paid for these securities, together with interest thereon, and in the

case of the Units earned by Plaintiff Feldman pursuant to his Management Services Agreement, the value thereof.

38. Less than three years lapsed from the time that the securities upon which this Count is brought were sold to the public to the time of the filing of the Complaint herein. Less than one year elapsed from the time when Plaintiffs discovered or reasonably could have discovered the facts upon which this Count is based to the time of the filing of the Complaint herein.

## COUNT II

### *Violation of section 15 of the Securities Act of 1933*

39. Plaintiffs repeat and reallege each and every allegation contained above.

40. Plaintiffs assert this Count against the Defendants under Section 15 of the Securities Act of 1933, 15 U.S.C. §77(o).

41. By virtue, *inter alia,* of their positions as directors, members and/or senior executives of Concord, their control of a major portion of Concord's voting Unit interests, and their business and/or personal relationships with the other Individual Defendants, each of the Individual Defendants had the power and ability, and exercised the same, to control the operations of Concord with respect to its violations of Section 12 (a)(1) of the 1933 Act, and each of them is, therefore, liable to Plaintiffs under Section 15 of the 1933 Act.

42. The Individual Defendants by virtue, *inter alia*, of their positions with and relationship to Concord, each had the power and ability, and exercised the same, to control the operations of Concord to sell and distribute the unregistered securities of Concord in violation of Section 12(a)(1) of the 1933 Act, and each of them is, therefore, liable to the Plaintiffs under Section 15 of the 1933 Act.

## COUNT III

## *BREACH OF CONTRACT*

43. Plaintiffs repeat and reallege each and every allegation contained above as if more fully set forth herein.

44. Plaintiffs bring this Count against Defendants under the common law of contracts.

45. Defendants having made an offer to all investors in Concord, which was accepted by Plaintiffs, are in breach of their obligation to rescind all purchases of Units made by Plaintiffs.

46. That by reason of Plaintiff Jeffrey A. Feldman having been employed by Concord and rendering services to Defendant Concord pursuant to the said Management Services Agreement during the period September 1, 2007 to February 3, 2008, the said Plaintiff was entitled to be paid wages, termination benefits, and accrued vacation, and earned as additional compensation a 5.625% ownership interest in Concord.

11

47. That by reason of Concord issuing its offer of rescission and the Plaintiffs having accepted same, Defendants are obligated to pay to Jeffrey A. Feldman the value of 5.625% ownership interest in Concord.

48. Plaintiff Feldman has repeatedly demanded of Defendants that he be paid his aforesaid wages including vacation, and termination benefits, and Defendants have wilfully refused to pay same.

50. That by reason of Defendant's wilful refusal to pay said wages, the said Plaintiff is entitled under Section 198 of the New York Labor Law to a civil penalty equal to 25% of the unpaid wages.

51. During or about January, 2008 the Individual Defendants, who together controlled a majority of the voting interests in Concord and without or consulting with Plaintiff Jeffrey A. Feldman or seeking his consent, elected to materially change and limit the duties of Mr. Feldman.

52. The aforesaid actions by the Individual Defendants were in violation of Concord's Operating Agreement and constituted a material breach and violation of Mr. Feldman's Management Services Agreement, entitling him to terminate his employment with Concord effective February 29, 2008.

53. The foregoing represent a breach of Concord's contract obligations and common-law duty to act in good faith in dealing with its employee, Jeffrey A.

Feldman, to include paying Plaintiff *quantum meruit* for the reasonable value of his services.

54.     As a result of the conduct described herein, Plaintiffs are entitled to damages in an amount to be proven at trial, together with prejudgment interest and attorney fees pursuant to the New York Labor Law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment as follows:

A.      Granting judgment to Plaintiff Jeffrey A. Feldman on the First and Second Counts against Defendants Concord Equity Partners, LLC, Pouya Toobian, Scott Schulte and John Malindretos, individually, jointly and severally, in an amount representing the value of his services represented by a 5.625% ownership interest in Concord Equity Partners, LLC earned by the said Plaintiff pursuant to his Management Services Agreement;

B.      Granting judgment to Plaintiff Primary Succession Capital, LLC on the First and Second Counts against Defendants Concord Equity Partners, LLC, Pouya Toobian, Scott Schulte, and John Malindretos, individually, jointly and severally for the sum of $100,000 representing the said Plaintiff's cash investment in the unit interests of Concord Equity Partners, LLC;

C.      Granting judgment to Plaintiff Jeffrey A. Feldman on the Third Count against Defendants, Concord Equity Partners, LLC, Pouya Toobian, Scott Schulte

and John Malindretos individually, jointly and severally for the sum of $151,648, representing wages due to him pursuant to his Management Services Agreement with Defendant Concord and that said sum be increased by a factor of 25% pursuant to Section 198 of the Labor Law of the State of New York;

D. That as alternative relief to the right of rescission sought against Defendant Concord Equity Partners LLC in the First and Second Counts, the Plaintiff Jeffrey A. Feldman be given judgment against Defendant Concord Equity Partners LLC pursuant to the Third Count for wages in an amount representing a 5.625% ownership interest in Concord Equity Partners, LLC, and that said sum be increased by a factor of 25% pursuant to Section 198 of the Labor Law of the State of New York;

E. That Plaintiffs be awarded prejudgment interest, costs and expenses, and attorney fees on all Counts pursuant to the Securities Act of 1933 and/or the Labor Law of the State of New York; and

F. For such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand trial by jury on all issues so triable.

Dated: May 9, 2008

Respectfully submitted,

THOMAS J. ROMANS (TR9284)
27 Warren Street – Suite 103
Hackensack, NJ 07601
Tele. (201) 489-0027
Fax  (201) 489-3540
Email: romanslaw@optonline.net