UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

JEFFREY A. FELDMAN and PRIMARY SUCCESSION CAPITAL, LLC,

Plaintiffs,

-against-

CONCORD EQUITY PARTNERS, LLC, POUYA TOOBIAN, SCOTT SCHULTE and JOHN MALINDRETOS,

Defendants.

-----------------------------------------------------------X

**ANSWER AND COUNTERCLAIM**

08 CIV 4409 (Seibel, J.)

Defendants Concord Equity Partners, LLC ("Concord"), Pouya Toobian, Scott Schulte and John Malindretos (collectively, "Defendants"), by their counsel Ruskin Moscou Faltischek, P.C., as and for their Answer to plaintiffs' complaint, respond as follows:

1. (a) Paragraph 1(a) of the complaint contains allegations to which no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 1(a) of the complaint.

(b) Paragraph 1(b) of the complaint contains allegations to which no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 1(b) of the complaint.

2. Defendants deny the allegations in paragraph 2 of the complaint.

3. Defendants deny the allegations in paragraph 3 of the complaint, except admit that if this Court has jurisdiction over plaintiffs' claims, venue is proper.

4. Defendants deny the allegations in paragraph 4 of the complaint.

5. Defendants deny the allegations in paragraph 5 of the complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding the residence of plaintiff Jeffrey A. Feldman ("Feldman").

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 6 of the complaint.

7. Defendants deny the allegations contained in paragraph 7 of the complaint, except admit that Concord is a New York State limited liability company with offices located at 350 Fifth Avenue, New York, New York.

8. Defendants deny the allegations in paragraph 8 of the complaint, except admit that Pouya Toobian resides in Roslyn Heights, New York and along with others including Jeffrey A. Feldman, founded Concord, formerly known as Alpha Securities.

9. Defendants deny the allegations in paragraph 9 of the complaint, except admit that Scott Schulte is a resident of New York, New York and serves as the Chief Executive Officer of Concord.

10. Defendants deny the allegations in paragraph 10 of the complaint, except admit that John Malindretos resides in Clifton, New Jersey and serves as the Vice President of Sales of Concord.

11. Defendants deny the allegations in paragraph 11 of the complaint, except admit that Concord was formed by the Individual Defendants along with plaintiff Feldman.

12. Defendants deny the allegations in paragraph 12 of the complaint.

13. Defendants deny the allegations in paragraph 13 of the complaint, except admit that Alpha Securities changed its name to Concord Equity Partners, LLC.

14. Defendants deny the allegations in paragraph 14 of the complaint.

15. Defendants deny the allegations in paragraph 15 of the complaint.

16. Defendants deny the allegations in paragraph 16 of the complaint.

17. Defendants deny the allegations in paragraph 17 of the complaint.

18. Defendants deny the allegations in paragraph 18 of the complaint, except admit the Scott Schulte introduced Feldman to the individual defendants.

19. Defendants deny the allegations in paragraph 19 of the complaint, except admit that plaintiff Feldman was one of the original founders and owners of Concord.

20. Defendants admit the allegations in paragraph 20 of the complaint.

21. Responding to paragraph 21 of the complaint, Defendants admit that Concord signed the Management Services Agreement and respectfully refer the Court to the Agreement for its express terms and the legal significance thereof. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the complaint.

22. Defendants deny the allegations in paragraph 22 of the complaint.

23. Defendants admit the allegations in paragraph 23 of the complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 24 of the complaint, except admit that Primary Succession Capital, LLC issued two separate checks each in the amount of $50,000 to Concord.

25. Responding to paragraph 25 of the complaint, defendants admit that a letter dated January 10, 2008 was sent to investors in Concord by plaintiff Feldman and respectfully refer the Court to the January 10 letter for its express terms and the legal significance thereof. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the complaint.

26. Defendants deny the allegations in paragraph 26 of the complaint, except admit that on or about February 3, 2008, Feldman unilaterally ceased working for Concord in violation of the express language of the Management Service Agreement.

27. Defendants deny the allegations in paragraph 27 of the complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint.

29. Defendants deny the allegations in paragraph 29 of the complaint, except admit that Concord has not refunded any money to Primary Succession Capital, LLC.

30. Responding to paragraph 30 of the complaint, Defendants repeat each of the responses contained in paragraphs 1 through 29 above.

31. Paragraph 31 of the complaint contains allegations to which no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 31 of the complaint.

32. Defendants deny the allegations in paragraph 32 of the complaint.

33. Defendants deny the allegations in paragraph 33 of the complaint.

34. Defendants deny the allegations in paragraph 34 of the complaint.

35. Defendants deny the allegations in paragraph 35 of the complaint.

36. Defendants deny the allegations in paragraph 36 of the complaint.

37. Defendants deny the allegations in paragraph 37 of the complaint.

38. Defendants deny the allegations in paragraph 38 of the complaint.

39. Responding to paragraph 39 of the complaint, Defendants repeat each of the responses contained in paragraphs 1 through 38 of this answer.

40. Paragraph 40 of the complaint contains allegations to which no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 40 of the complaint.

41. Defendants deny the allegations in paragraph 41 of the complaint.

42. Defendants deny the allegations in paragraph 42 of the complaint.

43. Responding to paragraph 43 of the complaint, Defendants repeat each of the responses contained in paragraphs 1 through 42 of this answer.

44. Paragraph 44 of the complaint contains allegations to which no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 44 of the complaint.

45. Defendants deny the allegations in paragraph 45 of the complaint.

46. Defendants deny the allegation in paragraph 46 of the complaint, except admit that plaintiff Feldman worked at Concord from September 1, 2007 to February 3, 2008.

47. Defendants deny the allegations in paragraph 47 of the complaint.

48. Defendants deny the allegations in paragraph 48 of the complaint, except admit that plaintiffs have made demands for payment.

49. Defendants deny the allegation in paragraph 50 of the complaint and respectfully refer the Court to the New York Labor Law for its express terms.

50. Defendants deny the allegations in paragraph 51 of the complaint.

51. Defendants deny the allegations in paragraph 52 of the complaint.

52. Defendants deny the allegations in paragraph 53 of the complaint.

53. Defendants deny the allegations in paragraph 54 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

54. Plaintiffs' complaint fails to state a claim against the Defendants upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

55. The securities referred to in the complaint are exempt from registration. Accordingly, plaintiffs' claims based upon the Securities Act of 1933 must be dismissed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

56. Plaintiffs' claims are barred by the doctrine of unclean hands.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

57. Plaintiffs are estopped from asserting the claims set forth in the complaint.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

58. Feldman, as an original founder and owner of Concord, does not have standing to assert claims under the Securities Act of 1933.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

59. Plaintiffs have waived the claims asserted in the Complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

60. Plaintiffs' claims are barred based upon Feldman's own participation in each of the activities set forth in the complaint.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

61. Defendants relied upon the knowledge and expertise of plaintiff Feldman in offering units of Concord for sale and therefore cannot be held liable to plaintiffs as controlling persons.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

62. Defendants acted in good faith in connection with the issuance of ownership units in Concord.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

63. Plaintiffs' action is barred by the applicable statute of limitations.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

64. Defendants are not "controlling persons" within the meaning of 15 USC § 77*o*.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

65. Plaintiffs' claims are barred based upon plaintiffs' breaches of the Management Services Agreement.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

66. This Court lacks subject matter jurisdiction over plaintiffs' claims.

**AS AND FOR A SEPARATE DEFENSE**

67. Defendants did not make any material misrepresentations of fact to the plaintiffs.

**AS AND FOR A SEPARATE DEFENSE**

68. Defendants never failed to disclose a material to plaintiffs.

**AS AND FOR A SEPARATE DEFENSE**

69. The Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

**AS AND FOR A FIRST COUNTERCLAIM**
**AGAINST PLAINTIFF JEFFREY A. FELDMAN**

70. This counterclaim arises out Feldman's breach of the management services agreement he executed with Concord Equity Partners pursuant to which he agreed to provide services to Concord as its president and head of private equity.

**JURISDICTION AND VENUE**

71. This court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a) because it forms part of the same case or controversy as plaintiffs' primary claims in this action.

**PARTIES**

72. Concord Equity Partners, LLC is a limited liability company organized under the laws of the State of New York with offices located at 350 Seventh Avenue, New York, New York.

73. Upon information and belief, Feldman is an individual residing in Rye, New York

**AS AND FOR A FIRST COUNTERCLAIM**

74. On or about September 17, 2007, Concord and Feldman entered into a Management Service Agreement. According to the terms of the Agreement, Feldman agreed to provide services to Concord as its President and Head of Private Equity for a period of two years beginning on September 1, 2007 and continuing until August 31, 2009.

75. Almost immediately after executing the Agreement, Feldman breached the substantial commitments he made to Concord. Feldman utterly failed to exercise his knowledge and experience towards managing and growing Concord, particularly the Private Equity Group.

76. Feldman's failure to discharge his duties as President of Concord and Head of Private Equity constitutes a breach of the Management Service Agreement.

77. On or about February 2, 2008 – less than six months into his two-year tenure – Feldman, without prior notice, completely abandoned his duties to Concord.

78. Under the terms of the Management Service Agreement, Feldman was required to provide Concord with notice of his intention to terminate his employment and provide the company with at least 30 days to cure the cause of his termination.

79. Specifically, paragraph 4(c) of the Management Service Agreement provides as follows: "[I]t shall be a ***condition precedent*** to . . . the Service Provider's right to terminate his retention for "good reason" that (1) the party seeking the termination shall first have given the other party written notice ***stating with specificity the reason for the termination***" and (2) a reasonable opportunity to cure the breach. (emphasis added.)

80. Feldman failed to provide written notice of his intention to terminate his employment with Concord as required by the express language of the Agreement; accordingly, Feldman has no authority to cancel the Agreement.

81. Feldman's failure to provide the notice required by the Management Service Agreement and Feldman's subsequent departure from Concord constitute additional breaches of the Agreement.

82. Concord complied with all of the terms of the Management Services Agreement up until Feldman's breach thereof as set forth above.

83. Concord is entitled to monetary damages as a result of Feldman's breaches of the Management Services agreement in an amount to be determined at trial but currently estimated to exceed $250,000, plus interest.

**AS AND FOR A SECOND COUNTERCLAIM**

84. Concord repeats each of the allegations contained in paragraphs 70 through 83 of this counterclaim as if fully set forth herein.

85. As Concord's President and Head of Private Equity, Feldman owed Concord a fiduciary duty of loyalty and was required to act in the best interests of the organization.

86. Feldman breached that duty by preparing the January 10, 2008 rescission offer and misleading the other principals of the company into approving it.

87. In or about January 2008, upon information and belief, Feldman lost interest in being an investor in Concord and used the rescission offer as a means of recouping his investment.

88. The rescission offer was not in the best interests of Concord, and Feldman breach his duty of loyalty to the company by placing his own self interests ahead of the interests of Concord.

89. As a result of Feldman's breaches of loyalty, Concord has been damaged in an amount to be proven at trial but currently estimated to exceed $250,000.

WHEREFORE, defendants respectfully request the following relief:

(a) Judgment in favor of each of the defendants dismissing plaintiffs' complaint in its entirety;

(b) Judgment in favor of Concord Equity Partners, LLC against Jeffrey A. Feldman on its first counterclaim in an amount to be proven at trial but currently estimated to exceed $250,000;

(c) Judgment in favor of Concord Equity Partners, LLC against Jeffrey A. Feldman on its second counterclaim in an amount to be proven at trial but currently estimated to exceed $250,000;

(d) Together with whatever additional relief the Court deems just.

Dated: August 22, 2008
Uniondale, New York

RUSKIN MOSCOU FALTISCHEK, P.C.

By:______________________

Douglas J. Good
Matthew F. Didora
*Attorneys for Defendants Concord Equity Partners, LLC, Pouya Toobian, Scott Schulte, and John Malindretos*
1425 RexCorp Plaza, 15th Floor
Uniondale, New York 11556

To: Thomas J. Romans, Esq.
Counselor at Law
Landmark Building
27 Warren Street, Suite 103
Hackensack, New Jersey 07601

**CERTIFICATE OF SERVICE**

I, Matthew F. Didora, hereby certify that on August 22, 2008, I caused to be served a true copy of the annexed ***ANSWER AND COUNTERCLAIMS***, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address set forth:

Thomas J. Romans, Esq.
Landmark Building
27 Warren Street (Suite 103)
Hackensack, New Jersey 07601-5412
*Attorney for Plaintiffs*

Dated: August 22, 2008
Uniondale, New York

Matthew F. Didora
Ruskin Moscou Faltischek, P.C.
1425 RexCorp Plaza
Uniondale, New York 11556
(516) 663-6600